Opinion filed April 7,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00306-CR 

                                                    __________

 

                                   JIMMY
GONZALES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 350th District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 8492-D

 



 

                                                                  O
P I N I O N

 

            Jimmy
Gonzales pleaded guilty to the third degree felony offense of driving while
intoxicated.  In accordance with the plea bargain agreement, the trial court
assessed punishment at confinement for five years and a $1,000 fine, suspended
the confinement portion of the sentence, placed appellant on community
supervision for five years, and required him to spend thirty days in the county
jail as a condition of community supervision.  We affirm.

            In
his sole issue on appeal, appellant challenges the trial court’s denial of his
pretrial motion to suppress.  Appellant argues that he was detained illegally
because, prior to his detention, the officer had changed his mind about the
need to investigate appellant’s well-being and was no longer pursuing a
community caretaking function.  

            In
reviewing a trial court’s ruling on a motion to suppress, appellate courts must
give great deference to the trial court’s findings of historical facts as long
as the record supports the findings.  Guzman v. State, 955 S.W.2d 85, 87
(Tex. Crim. App. 1997).  Because the trial court is the exclusive factfinder,
the appellate court reviews evidence adduced at the suppression hearing in the
light most favorable to the trial court’s ruling.  Carmouche v. State,
10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We also give deference to the trial
court’s rulings on mixed questions of law and fact when those rulings turn on
an evaluation of credibility and demeanor.  Guzman, 955 S.W.2d at 87. 
Where such rulings do not turn on an evaluation of credibility and demeanor, we
review the trial court’s actions de novo.  Id.

            The
trial court conducted a hearing on appellant’s motion to suppress and made
findings of fact that are supported by the record.  The trial court found that
Officer Adam Becker observed a vehicle pull over to the side of a lightly
traveled highway sometime before 1:00 a.m.  Because he was concerned that the
operator of the vehicle might need assistance, Officer Becker pulled up behind
the vehicle.  He turned on his back red and blue flashing lights, his
front-facing red and blue flashing lights, and his front bright white light
(take-down light).  The driver of the vehicle began to pull away but “then
returned to or stayed on the area off the highway.”  According to Officer
Becker, he would not have tried to stop the vehicle if the driver had driven
away.  Upon approaching the vehicle to talk to the driver and to see if everything
was okay, Officer Becker observed that the driver (appellant) had red,
bloodshot eyes.  Officer Becker smelled a strong odor of alcohol coming from
the vehicle.  The trial court determined that the officer’s “primary motivation
for pulling up to the vehicle was a community-caretaking purpose” and that the
officer’s belief that the operator of the vehicle was in need of help “was
reasonable.”  

            First,
the State asserts in its brief that appellant was not seized for purposes of
the Fourth Amendment.  Officer Becker pulled in behind appellant and activated
both the emergency flashing lights and the take-down light.  Officer Becker
admitted that motorists have an “obligation to stop for those lights” and may
be guilty of evading detention if they fail to stop and that he has never
encountered a driver in that situation driving away without first talking to
him.  We cannot agree with the State’s assertion that this was not a seizure
because appellant was already stopped and because the officer would have allowed
appellant to continue to drive away.  In State v. Garcia-Cantu, 253
S.W.3d 236, 245 n.43 (Tex. Crim. App. 2008), the court stated, “The use of
‘blue flashers’ or police emergency lights are frequently held sufficient to
constitute a detention or seizure of a citizen, either in a parked or moving
car.”  The court also noted that whether an encounter has become a seizure
depends upon the officer’s “objective behavior,” not his subjective intent.  Garcia-Cantu,
253 S.W.3d at 244 n.41.  Based upon the totality of the circumstances in this
case, Officer Becker’s encounter with appellant constituted a seizure.  The
next question is whether the officer’s seizure of appellant – without a
warrant, reasonable suspicion, or probable cause – was reasonable.  

In
certain circumstances when there is no reasonable suspicion or probable cause
that an offense has been committed, a police officer may reasonably seize an
individual through the exercise of the community caretaking function.  Corbin
v. State, 85 S.W.3d 272, 276 (Tex. Crim. App. 2002); Wright v. State,
7 S.W.3d 148, 151-52 (Tex. Crim. App. 1999); see Cady v. Dombrowski, 413
U.S. 433, 441 (1973).  As part of an officer’s duty to “serve and protect,” an
officer “may stop and assist an individual whom a reasonable person, given the
totality of the circumstances, would believe is in need of help.”  Corbin,
85 S.W.3d at 276 (citing Wright, 7 S.W.3d at 151).  This exception to
the warrant requirement is narrow, and a police officer may not properly invoke
the community caretaking function if he is primarily motivated by a
non-community caretaking purpose.  Id. at 277.

The
trial court determined that Officer Becker was motivated primarily by his
community caretaking duties, and the record supports that conclusion.  The
record reflects that Officer Becker was concerned that appellant might need
assistance, and he pulled in behind appellant to check on him.  Officer Becker
stated that he activated his lights to alert other drivers on the road and to
let the driver of the vehicle know that he was not “some bad guy.”  Even though
Officer Becker was on STEP patrol (selective traffic enforcement program)
looking for DWI violators, the trial court, as the exclusive judge of witness
credibility, could have concluded that Officer Becker was primarily motivated
by community caretaking concerns when he pulled in behind appellant.  See Corbin,
85 S.W.3d at 277.  When Officer Becker first approached appellant’s vehicle on
foot, he asked appellant if everything was okay.  Nothing in the record
suggests that Officer Becker’s motive was something other than to check on the
welfare of the driver.  

Once
it is determined that an officer was primarily motivated by his community
caretaking function, it must then be determined whether the officer’s belief
that the person needed help was reasonable.  Id.  In evaluating whether
an officer reasonably believed that the person needed help, courts may look to
a list of four nonexclusive factors:  (1) the nature and level of the distress
exhibited by the individual; (2) the location of the individual; (3) whether or
not the individual was alone or had access to assistance other than that
offered by the officer; and (4) to what extent the individual, if not assisted,
presented a danger to himself or others.  Id.; Wright, 7 S.W.3d
at 152.  The court in Corbin stated that the first factor is entitled to
the greatest weight because the purpose of the community caretaking exception
is to allow an officer to seize and assist an individual reasonably believed to
be in need of help.  85 S.W.3d at 277.  

In
this case, appellant had pulled over to the side of the road and stopped a
little before 1:00 in the morning.  The location where appellant was stopped
was inside the city limits, but traffic was minimal in that area at that time
of night.  There were no houses nearby and only a few businesses in the area.  If
appellant had needed assistance, he would have had difficulty finding anyone
other than Officer Becker to help him at that time in that location.  The trial
court determined that Officer Becker’s belief that appellant needed help was
objectively reasonable; that determination is supported by the record.  Thus, appellant’s
detention was justified under the community caretaking exception, and the trial
court did not err when it denied appellant’s motion to suppress.  Appellant’s
issue is overruled.  

The
judgment of the trial court is affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

April 7, 2011

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.